Timothy Leroy O'NEILL,
Petitioner-Appellant,

v.

**DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Respondent-Appellee.**

No. 83–1393.

Court of Appeals of Iowa.

Sept. 6, 1984.

Lyle A. Rodenburg, Council Bluffs, for petitioner-appellant.

Thomas J. Miller, Atty. Gen. and Robert P. Ewald, Asst. Atty. Gen. for respondent-appellee.

Considered by SNELL, P.J., and HAYDEN, and SACKETT, JJ.

HAYDEN, Judge.

Petitioner appeals from the district court's denial of a permanent injunction to prevent respondent from revoking his driver's license for refusal to take a breath test. We affirm.

Petitioner was arrested on May 14, 1982, for operating a motor vehicle while under the influence of alcohol. He refused to provide a breath specimen under the implied consent procedure. The department of transportation mailed him a notice of license revocation by certified mail, but the post office was unable to deliver it to him. Petitioner was at that time a patient in a hospital in Omaha. Subsequently, the department had the sheriff serve the notice in the manner of an original notice, by leaving it with his wife at his home. Petitioner's wife did not tell him of the notice, and petitioner learned of the revocation too late to request a hearing to resist the revocation.

■ This action for injunctive relief was properly pled and tried in equity, and therefore, our review is de novo. *See Incorporated City of Denison v. Clabaugh*, 306 N.W.2d 748, 751 (Iowa 1981).

Departmental regulations governing methods of service of suspension and revocation notices are found in 820 Iowa Administrative Code section [07,C] 13.21(1) which provides:

a. The first attempt shall be by restricted certified mail with return acknowledgment by the addressee required.

b. If service of notice by mail is unsuccessful, the notice shall be referred to the sheriff's office, in the county where the subject of the notice resides, for service. The officer making the personal service shall certify that he/she delivered the notice to the addressee, the address where the notice was served and the date of service. If service cannot be made, the officer shall certify to that effect.

c. Notice may also be given by any officer or employee of the department or by any person over eighteen years of age. The person making the service shall certify as to the name of the person served and the manner, time and place of service.

It is clear that the department's actions in this case complied with the regulations. Petitioner asserts, however, that this procedure violates the plain meaning of Iowa Code section 321.211, the statute which the rule is intended to implement.

■ Iowa Code section 321.16 is the general notice provision for chapter 321. It provides that unless a different method of giving notice is expressly prescribed, notices may be given by: (1) personal delivery to the person to be notified, or (2) personal service in the manner of original notice by Iowa Rule of Civil Procedure 56.1(a), or (3) restricted certified mail. Iowa Rule of Civil Procedure 56.1(a), allows service by leaving the original notice at the dwelling house of the person to be served with any person residing therein who is at least eighteen years old. Therefore, the department's actions in this case of causing the notice to be left with petitioner's wife at his home satisfied the requirements of section 321.16 as well.

Petitioner argues that section 321.16 is not applicable to this case because section 321.211 expressly prescribes a different method of giving notice which supersedes the provisions of 321.16. Iowa Code section 321.211 provides in part:

Upon suspending the license of any person as authorized the department shall immediately *notify the licensee in writing* and upon the licensee's request shall afford the licensee an opportunity for a hearing .... There is appropriated each year from the general fund of the state to the department sixty thousand dollars or so much thereof as may be necessary to be used to pay the cost of notice and *personal delivery of service*, if necessary to meet the notice requirement of this section.

(emphasis added). Petitioner claims that the underlined phrases show a clear intent on the part of the legislature to limit the manner in which notice is given for driver's license suspensions and revocations. We do not agree with this contention. The phrase "notify the licensee in writing" is broad enough to refer to any of the alternatives available under section 321.16. Each of those methods of giving notice provides for written notice which is intended to reach the licensee. Furthermore, the statute refers to an appropriation for the costs of personal delivery of service *"if necessary* to meet the notice requirement of this section." (emphasis added). Certainly the import of this language is that personal delivery of service is not always necessary.

We conclude that the trial court did not err in interpreting Iowa Code section 321.211 to allow service of notice of driver's license revocation on petitioner's wife at their home. Since this was the only issue raised by petitioner's appeal, we decline to comment on the due process issue raised in respondent's brief.

AFFIRMED.